## D'Amico, Admr., v. Brill, Sr.

*Negligence—Venue of action—Section 6308, General Code—Automobiles—Death by non-resident defendant—Personal representative to sue, where.*

An administrator of a deceased person, whose death was caused by being struck by a motor vehicle, cannot, by virtue of Section 6308, General Code, maintain an action for such death in the county in which the deceased person resided and require the defendant to answer to a summons transmitted to another county in which the defendant resides.

(Decided July 6, 1921.)

Error: Court of Appeals for Cuyahoga county.

*Messrs. Mathews, Bell & Winsper,* for plaintiff in error.

*Messrs. Howell, Roberts & Duncan,* for defendant in error.

Hamilton, P. J. The action below was brought against present defendant in error for causing the death of a child by driving his automobile against and over it. The plaintiff is the administrator of the estate of the deceased child.

The plaintiff administrator, as well as the next of kin of the deceased child, were all residents of Cuyahoga county. The defendant was at the time of the accident, and at the time of the bringing of the action, a resident of Summit county, Ohio. The administrator began his action in the court of common pleas of Cuyahoga county and issued summons to the sheriff of Summit county for service upon the defendant. The defendant, thereupon, challenged the jurisdiction over his person of the court of com-

mon pleas of Cuyahoga county, Ohio, by motion to quash, the motion being upon the ground that there is no authority in law for transmitting a summons to another county in a suit by an administrator. Plaintiff below endeavored to sustain the service of summons by virtue of Section 6308, General Code of Ohio, which section relates to cases of injury caused by negligence of the owner of a motor vehicle. The lower court sustained the motion to quash and dismissed the petition, and error is prosecuted here, seeking to reverse that judgment.

The question for determination then is: Can an administrator of a deceased person, whose death was caused by being struck by a motor vehicle, maintain an action in the county where the deceased person resided, and the defendant be required to answer to the summons sent to another county wherein the defendant resides? The determination of this question turns on the interpretation of Section 6308, which provides:

"Actions for injury to a person or property, caused by the negligence of the owner of a motor vehicle, may be brought, by the person injured, against such owner in the county wherein such injured person resides. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state where such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions."

The consideration of a proper interpretation of Section 6308 leads to an examination of the cognate sections, providing the venue for different actions. Sections 11268 to 11276, inclusive, General Code, lay

the venue for special actions together with the provisions as to non-residents. Section 11277 provides the general rule for other actions as follows:

"Every other action must be brought in the county in which a defendant resides or may be summoned, except actions against an executor," etc.

Section 11273 provides:

"An action against the owner or lessee of a line of mail stages or other coaches, a railroad company * * * may be brought in any county through or into which such line * * * extends; provided that all actions against such owner for injuries to person or property, or for wrongful death must be brought in the county in which the cause of action or some part thereof, arose, or in the county in which the claimant for injuries to person or property, or one whose wrongful death was caused resided, at the time when the cause of action arose."

It will be noted that in these sections the venue is laid as to the cause of action, and has no restriction as to who may bring the action, nor any language which could lead to any such restriction. Section 6308 is an exception to the general rule regarding venue. If we omit from the section the words "by the person injured," then the section would read, "actions for injuries to a person or property, caused by the negligence of the owner of a motor vehicle, may be brought * * * against such owner in the county wherein such injured person resides." Had the section so provided, undoubtedly the personal representative could maintain the action, but if possible we must give effect to every part of the section. By the use of the words, "by the person injured," the legislature must have meant that the right to maintain the action was

a special consideration and a personal right given to the person injured for his benefit and convenience. If we were to resort to the reasons for such provisions in the law it would seem reasonable that in case of injury the injured party might not be able to travel and appear in another county distant from his home to maintain his action, and that therefore as a special consideration he should be permitted to bring the action at the place of his residence. This reasoning would not obtain in an action by a representative of his estate. To hold that the administrator may maintain this action in the county of residence of the deceased would in effect be to eliminate from Section 6308 the words "by the person injured." This section being an exception to the general section must be strictly construed, and we are of opinion from the language used that it was a section for the benefit of the person injured and does not extend to the personal representative of his estate.

The lower court was correct in sustaining the motion to quash, and in dismissing the petition, and that judgment is affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.

Judges of the First Appellate District, sitting in place of Judges WASHBURN, VICKERY and INGERSOLL of the Eighth Appellate District.